UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                  :
WILLIAM L. KOCH,
                                                  :
                                    Plaintiff,            06 Civ. 6586 (BSJ) (DF)
                                                  :
            -against-                                    **REPORT AND**
                                                  :      **RECOMMENDATION**
HARDY RODENSTOCK,
d/b/a Meinhard Goerke,                            :

                                    Defendant.    :
------------------------------------------------------------X

**TO THE HONORABLE BARBARA S. JONES, U.S.D.J.:**

By Order dated February 16, 2010 (Dkt. 80), this Court directed *pro se* defendant

Hardy Rodenstock ("Defendant"), a German national residing in Germany, to show cause why

the Court should not recommend that a default judgment be entered against him for his continued

failure to participate in these proceedings.  For the reasons set forth below, I now recommend

that a default be entered.

<u>**BACKGROUND**</u>

A.    **This Court's 2007 Recommendation**
      <u>**That Defendant Be Held in Default**</u>

This Court's experience with Defendant began three years ago, when this case was

referred to me for general pretrial supervision.  The Court, however, was unable to supervise the

discovery process effectively, as Defendant, after discharging his counsel, distanced himself

from the litigation and completely refused to cooperate in discovery or otherwise to defend

himself in the action.  In August 2007, this Court issued a Report and Recommendation,

familiarity with which is assumed (and a copy of which is attached hereto for reference), in

which this Court chronicled its efforts to explain to Defendant the potential consequences of

refusing to defend the action, as well as the steps taken by this Court to confirm its

understanding that, despite those potential consequences, Defendant would no longer participate

in the proceedings.  (S*ee* Report and Recommendation, dated Aug. 14, 2007 (Dkt. 43) (copy

attached).)  As a result of Defendant's absolute and unequivocal statements to that effect, I

recommended that the Court enter a default judgment against Defendant, provided it determined

that it had jurisdiction to do so.  (*See id.*)

### B. The Dismissal and Reinstatement of the Action

In January 2008, the Court granted, on jurisdictional grounds, the motion to dismiss the

Complaint that had been filed on Defendant's behalf by his counsel, prior to counsel's discharge,

although the Court afforded Plaintiff an opportunity to replead, so as to allege facts capable of

satisfying jurisdictional requirements.  (*See* Dkt. 48.)  With leave of Court, Plaintiff then twice

amended his Complaint.  (Dkts. 50 (First Amended Complaint, filed Feb. 11, 2008); Dkt. 64

(Second Amended Complaint, filed Sept. 23, 2008).)  In response to Plaintiff's filing of his

Second Amended Complaint, Defendant submitted papers in November 2008 that were

eventually deemed by the Court to be an Answer.  (*See* Dkts. 68, 70.)  In July 2009, the Court

lifted a discovery stay (*see* Dkts. 70, 71) and – despite Defendant's prior representations that he

would not participate in discovery – this Court attempted, once again, to engage Defendant in the

discovery process.

As a first step, the Court, in a July 27, 2009 Order, directed each party to the action to

submit a proposed discovery schedule, and indicated that, once it had received the parties'

proposals, it would schedule a telephonic case management conference with the Court.

(Dkt. 71.)  In its Order, the Court specifically cautioned Defendant that, "in order to defend this

action, he [would] need to participate in the pre-trial discovery process and abide by the deadlines set by the Court." (*Id.,* at 2.)  The Court further cautioned as follows: "If [D]efendant fails to cooperate in discovery, this Court will renew its prior recommendation to Judge Jones that a default judgment be granted in Plaintiff's favor." (*Id.*)

Plaintiff did not respond to the Court's July 2009 Order, other than to send a letter that seemingly argued that discovery should remain stayed. (*See* Letter to the Court from Defendant, dated Aug. 10, 2009 ("Def. 8/10/09 Ltr.") (stating: "I infer from your orders that you want to take up again the discovery.  However I haven't received any reason for that.  The discovery has been stayed at the time because the New York Southern District Court is not competent as far as [Plaintiff's] alleged claims against me are concerned.  In this connection, nothing has changed in the meantime."[1]).)  The Court rejected Defendant's arguments, finding that no motions were pending before the Court and that it was thus appropriate for discovery to proceed. (Dkt. 74.) Accordingly, by Order dated August 12, 2009, the Court set a discovery schedule and scheduled a telephone conference with both parties for September 23, 2009, noting that "Defendant should arrange to be accompanied at that conference by an interpreter, if needed." (*Id.* at 2.)

---

[1] Defendant attached to his August 10, 2009 letter a copy of his prior correspondence to the Court of July 22, 2007, highlighting, *inter alia,* the portion of his 2007 letter that stated that he was not subject to this Court's jurisdiction, that he "hope[d] that [the Court] will accept [his withdrawal from these proceedings," and that, "[i]n accordance with the Laws of Germany and German standards," he had "the right to withdraw from the trial in New York at will." (*See* Letter to the Court from Defendant, dated July 22, 2007 (as attached to Def. 8/10/09 Ltr.) (emphasis omitted).)  Defendant also attached a copy of his November 5, 2008 letter to the Court, which the Court had deemed an Answer to Plaintiff's Second Amended Complaint. (*See* Dkts. 68, 70.)

1.      **Defendant's Failure To Appear at
the September 23, 2009 Conference**

Plaintiff's counsel appeared at the September 23 conference, but Defendant did not. Instead, in the days leading up to that conference, Defendant sent the Court three letters, all written in German, seemingly insisting that, under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), he was entitled to address the Court in German, as well as to have all Court orders and other litigation papers documents translated for him into German.  (*See* Letters to the Court from Defendant, dated Aug. 28, Sept. 22, and Sept. 23, 2009 (in German).)

On September 23, the Court requested that Plaintiff submit authority to the Court on the question of whether the Hague Convention contained any requirement that all Court documents be translated into a defendant's native language.  (*See* Transcript of Telephone Conference, held Sept. 23, 2009, at 5-6.)   Plaintiff then made such a submission, setting forth the reasons why, in his view, there was no such requirement, either under the Hague Convention or any other authority.  (*See* Letter to the Court from Jared R. Gale, Esq., dated Oct. 9, 2009.)

Finding Plaintiff's reasoning persuasive, and noting that prior to the Court's Order setting a discovery schedule, Defendant had consistently addressed the Court in English and had demonstrated a reasonable command of the English language, the Court issued an Order on October 13, 2009, directing Defendant to show cause why (1) any German translations desired by Defendant should not be obtained and paid for by Defendant himself, and (2) any further submissions made by Defendant to the Court should not be in English.  (Order, dated Oct. 13, 2009 (Dkt. 75).)  The Order provided that Defendant could respond to the Court's directive in German, but only if he attached a certified English translation of his submission.  Further, the

Court set another telephone conference date, of November 3, 2009, and again informed Defendant that he should arrange to be accompanied at the conference by an interpreter, if necessary.  (*Id.,* at 2.)  The Court also stated, in its October 2009 Order:  "If Defendant again fails to appear for the scheduled conference, he may be sanctioned by the Court fo failing to comply with this Order."  (*Id.*)

## 2.     Defendant's Failure To Appear at the November 3, 2009 Conference

Defendant failed to appear at the November 3 conference.  Moreover, although he continued to send letters to the Court, they were again entirely in German, without English translations.  (*See* Letters to the Court from Defendant, dated Oct. 9, 12, 14, 21, and 26, 2009, and two letters dated Oct. 28, 2009 (all in German).[2])

In an Order dated November 6, 2009, the Court nonetheless addressed what it perceived to be Defendant's argument that the German Judiciary Act and Article 5 of the Hague Convention required these proceedings to be conducted in German.  (*See* Dkt. 76, at 2.)  The Court concluded that it was not bound by German judicial law and that, while Article 5 of the Hague Convention applied to the initial service of process on a foreign national, it did not operate to require the translation of all Court orders and other documents generated during the course of an ongoing U.S. litigation.  (*Id.*)  Therefore, the Court held that Defendant had not adequately shown cause why he should not be required to proceed in English in this action and to arrange for his own German translations, if desired.  (*Id*. at 2-3.)

---

[2] Plaintiff later provided the Court with English translations of some of Defendant's letters.  (*See* Letters to the Court from Jared R. Gale, Esq., dated Oct. 15, Oct. 22 and Nov. 2, 2009, enclosing certified translations of five separate letters from Defendant to the Court or to Plaintiff's counsel, dated Oct. 9, 14, 21 and 28, 2009.)

This Court ordered that all further submissions by Defendant were to be in English, and that any submissions to the Court that were not in English would be rejected.  (*Id.* at 3.)  In addition, the Court set one final telephone conference date, to give Defendant a last opportunity to appear and defend this action.  As certain of the translations of Defendant's German letters that Plaintiff had provided to the Court by this time (*see* n.2, *supra*) contained statements that Defendant would be "abroad" and hence "not available" for the month of November, and that he could "only participate in the proceedings . . . in December" (*see* translations of Letters to the Court from Defendant, dated Oct. 9 and 21, 2009 (submitted under cover letters to the Court from Jared R. Gale, Esq., dated Oct. 15 and Nov. 2, 2009)), the Court scheduled this final conference for December:

> It is further ORDERED that Defendant shall have one <u>final</u> opportunity to participate in a telephone conference before this Court, before the Court either imposes or recommends sanctions. The parties are therefore directed to arrange a joint telephone conference with the Court on <u>December 8, 2009, at 10:00 am, New York (EST) time</u>, and shall initiate a call to my chambers on that date.  Defendant should arrange to be accompanied at that conference by an English language interpreter, if needed.
>
> <u>Defendant is cautioned that his complete refusal to participate in these proceedings may result in a default judgment being entered against him</u>.

(Dkt. 76, at 3 (emphasis in original).)

### 3.     Defendant's Failure To Appear at<br>the December 8, 2009 Conference

Defendant did not appear at the December 8 conference, marking the third time he had failed to appear, despite an explicit warning from the Court that such failure could result in a default.  Rather, on November 30, 2009, and again on December 4, 2009, Defendant wrote to the

Court (this time in English), acknowledging that he had received the Court's November 6th

Order, but noting that neither the Court's Order nor the documents served on him by Plaintiff

had been translated into German, and asserting that "[i]f the documents haven't been translated

into German, the defendant can refuse the delivery."  (Letter to the Court from Defendant, dated

Nov. 30, 2009 ("Def. 11/30/09 Ltr."), at 1-2 (emphasis omitted); *see also id.*, at 4 (stating that if

all document are not translated into German, he "can refuse the acceptance") (emphasis

omitted).)

     In his November 30th letter, Defendant went on to state:

> According to the law, I have no obligation to take part in a
> telephone conference.  And no telephone conference can be h[e]ld
> without my presence.  A telephone conference can only take place
> when all the parties involved in the proceedings (plaintiff and
> defendant) take part in it.  But, as a telephone conference would
> bring no new discovery in the proceedings, there is also no need to
> hold one.

(*Id.,* at 5 (emphasis omitted).)  Similarly, in his December 4, 2009 letter, after reiterating that he

had no obligation to accept any Court papers that were not in German, and stating that Plaintiff's

arguments to the contrary were "absolute nonsense," Defendant stated:

> A telephone conference can also not be h[e]ld without my presence
> and it is needless anyway, because it would bring no new
> discovery and only serves [Plaintiff's] and his lawyer[']s[ ]
> intention to bias your honor's opinion against me.

(Letter to the Court from Defendant, dated Dec. 4, 2009 ("Def. 12/4/09 Ltr."), at 2.)

     Defendant also wrote that he no longer considered himself to have any obligation to

participate in this action:

> As I have pointed out clearly in the letter I have sent you on
> November 30, 2009, I am also no longer obliged to take part in the

proceedings as many procedural errors have been made and the
courts in the USA are not competent in my case.

(*Id.* (emphasis omitted).)

On December 14, 2009, February 3, and February 8, 2010, Defendant wrote to the Court

again, each time in German.  As best as the Court can discern, these letters continued to make

the same points as each of Defendant's prior letters.

### C.     The Court's February 16, 2010 Order
####        To Show Cause and Defendant's Response

On February 16, 2010, this Court issued an Order requiring Defendant to show cause

why this Court should not, once again, recommend that a default judgment be entered against

him for his refusal to participate in these proceedings.  (Dkt. 80.)  In its February 2010 Order, the

Court noted that, in addition to apparently refusing to engage in discovery,[3] Defendant had failed

three times to appear for scheduled Court conferences, despite having been given an express

"final" warning by the Court that his continued failure in this regard could result in the

imposition of sanctions, including the entry of a default judgment.  (*See id.*)  The Court further

noted that Defendant had offered no reasonable explanation for his failure to appear and that his

only participation in this case, for several months, had been his letter-writing campaign to

Plaintiff's counsel and the Court, arguing – even after the Court had ruled to the contrary – that

---

[3] By letter dated February 3, 2010, Plaintiff's counsel informed the Court that Plaintiff
had served Defendant with both document requests and interrogatories on October 2, 2009, but
that, on October 12, 2009, Defendant had returned both sets of discovery demands unanswered,
merely marking them to indicate Defendant's view that the demands were defective because they
were not in German.  (*See* Letter to the Court from Jared R. Gale, Esq., dated Feb. 3, 2010.)  In
fact, by letter dated October 12, 2009 (in German), Defendant provided the Court with copies of
Defendant's discovery demands, with the text of the demands obscured by what appears to have
been labels affixed to each and every page by Defendant, asserting that the documents needed to
be translated into German.

he was entitled to receive German translations of all Court orders and other documents related to the case.  (*Id.*)

Defendant responded to the Court's Order to Show Cause with two submissions (in English) dated March 4, 2010 – one in the form of a letter to the Court, and the other entitled "Information or observations for the Hon. Debra Freeman."  At no point in either of these submissions did Defendant provide a legitimate reason for his failure to cooperate in the discovery process or to appear at the final conference scheduled by the Court.  Nor did Defendant express any willingness to cooperate with discovery going forward.  Rather, in each of the submissions, Defendant merely continued to insist that international and German law afforded him the right to have this case proceed, in all respects, in German.  Defendant stated that his letter would be his "last" communication to the Court in English.  (Letter to the Court from Defendant, dated Mar. 4, 2010, at 1.[4])  He maintained that the Court itself was obliged to translate any communications from him that he may have previously submitted in German (*see id.*), that the Court was required to translate all of its own rulings into German for his benefit (*id.* at 2-3), and that, before he would participate in any court proceedings, "it must be <u>guaranteed</u> to [him] that a translator with a perfect command of German is present in the courtroom" (*id.,* at 2 (bold-face emphasis omitted; underscore in original)).[5]

_____

[4] Defendant stated the same thing in his December 4, 2009 letter to the Court (*see* Def. 12/4/09 Ltr. at 2 ("This is really my last letter, I have had translated into English.")), and in his November 30, 2009 letter (*see* Def. 11/30/09 Ltr., at 1 ("It is a great kindness when I have this letter translated once again into English <u>for the last time</u>." (underscore in original)).

[5] Defendant also maintained that "[t]he date of a telephone conference cannot just be fixed by [the Court], but must be submitted to [his] agreement," that "[t]he telephone number must be communicated to [him],"and that he must be told "exactly what [he] ha[s] to do."  (*Id.*) To the extent Defendant suggests that he lacked advance notice of the last scheduled Court

Although the Court had noted, in its Order To Show Cause, that this issue regarding Defendant's purported right to German translation had already been decided against him by the Court's Order dated November 6, 2009, Defendant further stated in his letter:  "<u>I don't know</u> the content of the court decision dated November 6, 2009, since – contrary to the law in force – it hasn't been translated into German." (*Id.* (underscore in original).)  Then, despite this supposed lack of knowledge, Defendant stated that had "lodged an appeal" against the Court's decision (*id.,* at 3),[6] and stated his view that any Court decisions that required documents to be in English were "wrong" (*id.* at 2).  In addition, Defendant wrote that, while he was "of course ready to conform to court decisions, . . . [he was] not obliged to keep to court decisions which [were] unlawful or [had] been interpreted only in the interest of the plaintiff" (*id.*, at 3) (emphasis omitted).  According to Defendant, this Court's November 6th ruling "ha[d] no validity since the paragraphs and articles of the Hague Convention in force have been disregarded by [this Court] and the lawyers of the plaintiff."  (*Id.* (emphasis omitted).)

---

conference or that he lacked instructions as to how to participate in that conference, his suggestion is belied by the fact that he was not only sent a copy of the Court's Scheduling Order by the Court, but that he was apparently sent another copy by Plaintiff, together with a "Notice of Joint Telephone Conference With Court," setting out detailed instructions as to how to dial in to the teleconference at the scheduled date and time.  (*See* Dkt. 77 (setting out the conference date, time, international dial-in number, U.S. dial-in number, and participant passcode).)

   [6] It appears that, on November 30, 2009, Defendant wrote not only to this Court, but also to Judge Jones, stating, *inter alia*:  "I very much hope that I have made clear that the honorable [J]udge Freeman and [Plaintiff] have made procedural errors and that I am therefore no longer obliged to take part in the proceedings."  (Letter to the Court (Jones, J.) from Defendant, dated Nov. 30, 2009, at 4.)  To the extent Defendant is suggesting that this letter should be have been construed as an appeal from this Court's November 6, 2009 Order, the appeal would have been untimely under Rule 72 of the Federal Rules of Civil Procedure.

Finally, regarding the potential entry of a default judgment against him, Defendant asserted in his letter than any United States judgment "will not be admitted by German courts if the paragraphs and articles of the Hague [C]onvention haven't been observed by the American courts or the plaintiff."  (*Id.*)  Thus, Defendant stated, he had "no obligation to acknowledge any kind of judgment since it ha[d] no legal validity for [him]."  (*Id.*)

In his second communication to the Court dated March 4, 2010, Defendant stated, "<u>From now on, I will no longer accept documents sent directly to me, since this is a procedural error.</u>" (Information or observations for the Hon. Debra Freeman, dated Mar. 4, 2010 ("Def. 3/4/10 Observations") (bold-face emphasis omitted; underscore in original).)  Defendant further stated that, if this Court and Plaintiff do not observe what Defendant considers to be "the prevailing law of the Hague [C]onvention," then he "has no more obligation to take part in the proceedings."  (*Id.* (bold-face emphasis omitted).)

## DISCUSSION

As can be seen from the above recitation of the procedural history of this action, Defendant has not participated in any discovery or appeared at any scheduled conference since the date he discharged his counsel in 2007, and, over the last year, he has become more and more entrenched in his position that, unless the Court conducts all proceedings in German, he has no obligation to do anything to defend the action.  Although the Court issued an Order rejecting this position, Defendant has stated repeatedly and emphatically that he considers that Order erroneous, "unlawful," and incapable of binding him.  He has also made clear that, unless the Court vacates its Order and handles these proceedings in a manner that suits him, he will, once again, simply refuse to appear or to defend the action.

11

With respect to a party's failure to appear at court-ordered conferences, Rule 16(f) of the Federal Rules of Civil Procedure provides as follows:

**(f)    Sanctions**.

> **(1)    *In General.*** On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii-vii), if a party or its attorney
>
> > **(A)**    fails to appear at a scheduling or other pretrial conference;
> >
> > **(B)**    is substantially unprepared to participate – or does not participate in good faith – in the conference; or
> >
> > **(C)**    fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f).  In turn, Rule 37(b) provides for a range of potential sanctions that are available for non-compliance with Court orders, including the sanction of default. Fed. R. Civ. P. 37(b)(2)(A)(vi); *see also, e.g., Chanel, Inc. v. Kouzniakova,* No. 06 Civ. 0068 (SLT) (KAM), 2006 U.S. Dist. LEXIS 95614, at *10-11 (E.D.N.Y. Aug. 24, 2006) (recommending that a party be sanctioned under Rule 16(f) and, by extension, Rule 37(b), for "its repeated failures to appear at court-ordered conferences despite warnings that it would be sanctioned" for failure to appear), *adopted by,* 2007 U.S. Dist. LEXIS 15163 (E.D.N.Y. Feb. 28, 2007).

"In evaluating whether a default judgment is warranted, courts should consider the following factors:  (1) the party's history of noncompliance, (2) whether the party had sufficient time to comply; and (3) whether the party had [received] notice that further delays would result in [default]." *Sony BMG Music Entm't. v. Thurmond,* No. 06 Civ. 1230 (DGT)(RML), 20099 U.S. Dist. LEXIS 110229, at *5-6 (E.D.N.Y. Sept. 16, 2009) (Report and Recommendation)

(citation omitted), *adopted by,* 2009 U.S. Dist. LEXIS 110232 (E.D.N.Y. Nov. 24, 2009).

Before determining to impose a severe sanction, such as dismissal or default, the Court should

also consider the non-compliant party's willfulness or its reason for noncompliance, and the

efficacy of lesser sanctions.  *See Agiwal v. Mid Island Mortgage Corp.,* 555 F.3d 298, 302 (2d

Cir. 2009 ); *S.E.C. v. Euro Sec. Fund,* 98 Civ. 7347 (DLC), 2009 U.S. Dist. LEXIS 76590, at *12

(S.D.N.Y. Aug. 27, 2009) (citing *Agiwal*).

Here, Defendant has a long history of refusing to participate in these proceedings, and the

current posture of the case plainly echoes its earlier stage, when this Court concluded, based on

the applicable law, that a default against Defendant was warranted.  (*See* attached Report and

Recommendation, at 6-7 (citing cases).)  In addition, the Court afforded Defendant three separate

opportunities to appear for a scheduled conference, and (especially in light of his history),

explicitly warned Defendant that he could face sanctions, including the entry of a default

judgment, for failure to appear.  The Court also gave Defendant ample advance notice of each

scheduled telephone conference, as well as clear notice of the consequences of noncompliance.

Defendant's failure to comply with the Court's final order requiring his appearance, or to

provide a legitimate reason for that failure, provides sufficient ground for the entry of a default.

*See Sony BMG,* 2009 U.S. Dist. LEXIS 110229, at *6-8 (default warranted where defendant

failed to appear for both scheduled and re-scheduled Court conferences); *Liberty Mutual Ins.*

*Co. v. Fast Lane Car Serv., Inc.*, No. 07 Civ. 37 (FB), 2009 U.S. Dist. LEXIS 69798 (E.D.N.Y.

July 17, 2009) (Report and Recommendation) (recommending default where defendants failed to

appear for Court conference or to respond to Court's order that they submit an explanation for

their failure to appear), *adopted by,* 2009 U.S. Dist. LEXIS 69464 (E.D.N.Y. Aug. 6, 2009);

*United States v. Salten,* No. 03 Civ. 578 (JS) (ARL), 2007 U.S. Dist. LEXIS 26880, at *1-2 (E.D.N.Y. Apr. 10, 2007) (adopting recommendation of default where defendant "had a long history" of, *inter alia,* "not appearing . . . for scheduled hearings and conferences before the Court").[7]

"The propriety of sanctions is not lessened by the fact that a party is proceeding pro se." *Sony BMG,* 2009 U.S. Dist. LEXIS 110229, at *3 (citations omitted).  Moreover, given the record in this case, the Court cannot conclude that a less severe sanction would secure Defendant's cooperation.  While lesser sanctions should be considered before the Court proceeds to issue a default judgment against a non-compliant party, *see Agiwal,* 555 F.3d at 303, it is this Court's view that any lesser sanction here would be an exercise in futility, given Defendant's deliberate refusal to cooperate in this litigation and his barrage of correspondence insisting that he has no obligation to comply with the Court's orders or even to appear before the Court except on terms that he, himself, would set.  *See Amador v. Andrews,* No. 03 Civ. 0650 (KTD) (GWG), 2009 U.S. Dist. LEXIS 108727, at *10-11 (S.D.N.Y. Nov. 18, 2009) (noting that, if defendant failed to appear for a deposition despite unequivocal warning by the Court, the Court would "be left with no choice but to enter default against him, as lesser sanctions [would be] unlikely to be

---

[7] *See also Meltzer v. Royal Acceptance Corp.*, No. 03 Civ. 5521 (JS) (WDW), 2006 U.S. Dist. LEXIS 56259 (E.D.N.Y. Aug. 11, 2006) (Plaintiff granted leave to move for default where, despite notice of consequences, defendant failed to appear at Court conference); *Trans Atlantic Airlines, Inc. v. Kambi Travel Int'l*, No. 05 Civ. 2552 (RLE), 2006 U.S. Dist. LEXIS 20359, at *4 (S.D.N.Y. Apr. 17, 2006) (default granted on motion, where, after initially appearing, defendants failed to answer or appear for two court-ordered conferences); *Avon Elec. Supplies v. Electrical Maint. & Servs. Corp.*, No. 01 Civ. 3959 (SAS), 2001 U.S. Dist. LEXIS 17861, at *4-5 (S.D.N.Y. Nov. 1, 2001) (directing plaintiff to file a motion for default where defendant had been ordered to appear before the Court and failed to do so, despite having received notice of the potential consequences of non-compliance).

effective given [the] [d]efendant's repeated and categorical refusal to participate any further in the litigation"); *see also Harvic Int'l Ltd. v. Galaxy Fashions, Inc.,* No. 03 Civ. 3429 (RLE), 2005 U.S. Dist. LEXIS 10970, at *7 (S.D.N.Y. June 3, 2005) (finding that "[n]o lesser sanction present[ed] itself" where defendant had failed to appear for a scheduled Court conference and had "deliberately refused to cooperate in discovery"); *Leon B. Rosenblatt Textiles, Ltd. v. Griseto,* No. 96 Civ. 2925 (JSM), 1999 U.S. Dist. LEXIS 14519, at *7, 12 (S.D.N.Y. Sept. 22, 1999) (no lesser sanction than default was appropriate where defendant had disobeyed the Court's orders for at least a year, including failing to appear at court-ordered conferences).

Under all of the circumstances presented, the entry of a default judgment at this point would be appropriate.

## CONCLUSION

For all of the foregoing reasons, I respectfully recommend that the Court enter a default judgment against Defendant as to liability, and that Plaintiff be required to submit proposed findings of fact and conclusions of law to the Court, regarding the amount of Plaintiff's claimed damages, together with evidence sufficient to support his damages calculations.

Dated: New York, New York
April 23, 2010

Respectfully submitted,

DEBRA FREEMAN
United States Magistrate Judge

15

Copies to:

Hon. Barbara S. Jones, U.S.D.J.

Peter James Gregora, Esq.
Bruce A. Wessel, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Jared Gale, Esq.
Irell & Manella LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

Shawn Patrick Regan, Esq.
Hunton & Williams LLP
200 Park Avenue
New York, NY 10166

Thomas G. Slater, Jr., Esq.
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Mr. Hardy Rodenstock, *pro se*
Graudenzer Str. 3
81927 Muenchen
Germany/Deutschland
(with copies of electronically-reported opinions cited herein)