UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

```
                                        :   USDC SDNY
                                        :   DOCUMENT
                                        :   ELECTRONICALLY FILED
                                        :   DOC #: _____
                                        :   DATE FILED: 5/18/10
```

WILLIAM L. KOCH,

                    Plaintiff,

           v.

HARDY RODENSTOCK,
d/b/a Meinhard Goerke,

                    Defendant.
----------------------------------------x

06 Cv. 6586 (BSJ)(DF)
**Order**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On April 23, 2010, Magistrate Judge Debra Freeman issued a Report and Recommendation ("R&R"), recommending that this Court enter a default judgment against Defendant Hardy Rodenstock ("Defendant" or "Rodenstock"). Defendant then filed several letters with this Court objecting to Magistrate Judge Freeman's R&R. For the reasons stated below, the Court adopts the R&R, overrules Defendant Rodenstock's objections, and enters default judgment against Defendant Rodenstock.

## Analysis[1]

When a magistrate judge has issued findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1)(C). The Court reviews de novo any portions of a Magistrate Judge's R&R to which a party has stated an objection. 28 U.S.C. §

---

[1] The facts and procedural history of this case are set forth in detail in Magistrate Judge Freeman's R&R, familiarity with which is presumed.

636(b)(1)(C). "If no objections are filed or where objections
are merely perfunctory responses. . . reviewing courts should
review a report and recommendation for clear error." Edwards v.
Fischer, 414 F.Supp.2d 342, 346 -347 (S.D.N.Y. 2006). As
Defendant is proceeding pro se, this Court will "read [his]
supporting papers liberally, and. . . interpret them to raise
the strongest arguments that they suggest." Burgos v. Hopkins,
14 F.3d 787, 790 (2d Cir. 1994).

Magistrate Judge Freeman's R&R provides a detailed
description of the procedural history of the case, including
Defendant's continued failure to participate in discovery or
even to appear telephonically at court ordered conferences.
Under FED. R. CIV. P. 16(f), the Court may sanction a party or his
attorney for such conduct. FED. R. CIV. P. 37(b) provides a range
of sanctions available to the Court, including the sanction of
default. As such, Magistrate Judge Freeman recommends that this
Court enter default judgment against Defendant. The Court agrees
with this recommendation and notes the tremendous amount of time
and effort expended by Magistrate Judge Freeman, as well as her
patience with this pro se defendant, who has been offered every
opportunity to defend himself in this lawsuit.

This Court has since received numerous letters from
Defendant. On April 28, 2010 and April 29, 2010, the Court
received letters that attack the character of Plaintiff William

2

Koch, but do not address Magistrate Judge Freeman's analysis in any way. Thus, the Court will not consider these objections as they are irrelevant.

On May 6, 2010, the Court received an additional letter from Defendant, written in part in German and in part in English, that reasserts Defendant's argument that all documents and orders must be translated into German under the Hague Convention before he can be required to engage in the discovery process. The Court considers this objection de novo and finds it without merit. As Magistrate Judge Freeman correctly ruled in her November 6, 2009 order, while Article 5 of the Hague Convention applies to the initial service of process on a foreign national, it does not require the translation of all court orders and other documents generated during the course of an ongoing U.S. litigation. Defendant's objection to the R&R is overruled.

## Conclusion

The Court adopts Magistrate Judge Freeman's R&R in its entirety, overrules Defendant Rodenstock's objections, and enters default judgment against Defendant Rodenstock. This matter is referred to Magistrate Judge Freeman for an inquest on the issue of damages.

SO ORDERED

BARBARA S. JONES
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         May 17, 2010