```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
WILLIAM I. KOCH,                    :
                                    :
                  Plaintiff,        :
                                    :     06 CV 06586
          v.                        :     (BSJ)(DCF)
                                    :     Memorandum and Order
HARRY RODENSTOCK,                   :
d/b/a Meinhard Goerke,              :
                                    :
                  Defendant.        :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11/19/2012

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On May 9, 2012, Magistrate Judge Debra Freeman issued a Report and Recommendation (the "R&R") in the instant action. In her R&R, Judge Freeman recommends that this Court award judgment to Plaintiff William I. Koch ("Koch"), along with compensatory and punitive damages, for the Second Amended Complaint's fraud claims relating to the "Thomas Jefferson"[1] bottles of wine. Judge Freeman further recommends that this Court: (1) deny Koch's request for declaratory relief; and (2) find that the Second Amended Complaint has insufficiently plead fraud with respect to the "Other Bottles."

---

[1] The Court assumes familiarity with the R&R and incorporates its Background section, to which there have been no objections, therein.

1

Koch has filed objections to the R&R's recommendations with respect to the Other Bottles, but has not objected to the remainder of the R&R.  Since his counsel's withdrawal in August 2007, Defendant Hardy Rodenstock ("Rodenstock"), has essentially refused to participate in this action, and he has not filed any objections to the R&R.  The Court now addresses the timely filed objections.

**STANDARD OF REVIEW**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  For portions of the report to which no timely objections have been made, a district court reviews the report for "clear error on the face of the record." <u>Wilds v. United Parcel Serv.</u>, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  "When an objection is raised, the court is required to conduct a de novo review of the contested sections." <u>Id.</u> (internal quotation omitted.)

**DISCUSSION**

Koch's sole objection to the R&R relates to its finding that judgment cannot be entered on Koch's fraud claims as to the Other Bottles because "[w]ith respect to these bottles, the Second Amended Complaint fails to specify the misrepresentations that Defendant made, and also lacks allegations demonstrating that Plaintiff reasonably relied on such statements."  (R&R 17.)

2

In arriving at this recommendation, the R&R finds that, although a default judgment establishes a defendant's liability as to well plead allegations, the Second Amended Complaint fails to sufficiently state a fraud claim as to these bottles. Id. (citing Lanzafame v. Dana Restoration, Inc., No. 09-CV-0873 (ENV)(JO), 2011 U.S. Dist. LEXIS 29341, at *5 (E.D.N.Y. Mar. 22, 2011) ("[A]warding damages in the face of insufficient allegations, even after default judgment is entered, would be inconsistent with the threshold requirement that a complaint be well-pleaded.") Koch has objected to this finding, arguing that he has sufficiently plead a claim for fraud as to these bottles. Having reviewed the allegations in the Second Amended Complaint, the Court agrees with the magistrate judge that Koch's fraud claim with respect to the Other Bottles is not adequately plead.

"Under New York law, to state a claim for fraud a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." Wynn v. AC Rochester, 273 F.3d 153, 156 (2d Cir. 2001). Additionally, Rule 9(b) of the Federal Rules of Civil Procedure requires that fraud allegations are plead with particularity. "[I]n order to comply with Rule 9(b), the complaint must: (1) specify the statements

3

that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006) (internal quotations omitted).

With respect to the 1921 Petrus, the Second Amended Complaint alleges that "Hardy Rodenstock . . . created counterfeit bottles of 1921 Petrus and injected them into the international wine markets." (Second Am. Compl. ¶ 45.) In light of this allegation that Rodenstock himself created counterfeit bottles of 1921 Petrus, the Court finds that such a bottle's label could be considered a misrepresentation for the purpose of satisfying Rule 9(b). The Court also finds, however, that the Second Amended Complaint nowhere alleges that the 1921 Petrus purchased by Koch was in fact one of the counterfeit bottles created by Rodenstock. In the absence of any allegations tying Rodenstock to the specific bottle that Koch purchased, the Court cannot find that Koch has plead with particularity his reliance on any misrepresentation by Rodenstock.

With respect to the 1737 Lafite, the 1737 Mouton, the 1771 Lafite, the 1791 Latour, the 1848 Mouton, the 1958 Mouton, the 1864 Lafite, the 1893 Lafite, and the 1936 Petrus, the Court finds that Koch has not sufficiently plead any misrepresentation

4

by Rodenstock with respect to these bottles. In comparison to the 1921 Petrus, for which there are no allegations that Koch's specific bottle came from Rodenstock, the Second Amended Complaint alleges that "Rodenstock shipped to Farr Vintners" these ten specific bottles, which "Koch [then] bought from Farr Vintners." Id. at ¶ 46. Unlike the 1921 Petrus, however, the Second Amended Complaint does not allege that Rodenstock himself created counterfeits of this vintage. Nor does the Second Amended Complaint contain any allegation that Rodenstock was aware that these specific ten bottles were counterfeit. In the absence of such allegations, the Court finds unavailing Koch's argument that the labels of these bottles should be considered a misrepresentation by Rodenstock.

In support of his argument that he has adequately plead the elements of fraud for the Other Bottles, Koch refers the Court to the Second Amended Complaint's general allegations that "Rodenstock made material misrepresentations to, or concealed or suppressed material facts from, Plaintiff . . ." and that "Plaintiff reasonably and justifiably relied on Rodenstock's misrepresentations . . . ." Id. ¶¶ 49, 52. The Court finds that such "formulaic recitation[s] of the elements of a cause of action," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), are insufficient to satisfy the pleading requirements of Rule 9(b).

The Court has also reviewed the remaining portions of the R&R to which no party has objected, and found that these portions do not contain clear error.

CONCLUSION

For the reasons discussed, the Court **OVERRULES** Koch's objections and **ADOPTS** the R&R in its entirety. The Court accordingly **AWARDS** judgment as follows:

(1) $100,000 in compensatory damages, with pre-judgment interest, at the rate of nine percent per annum, from November 17, 1988 to the date of judgment;

(2) $211,486.90 in compensatory damages, with pre-judgment interest, at the rate of nine percent per annum, from December 16, 1988 to the date of judgment; and

(3) $311,486.90 in punitive damages.

The Court also **DENIES** Koch's request for a declaratory judgment.

The Clerk of the Court is directed to close the case.

SO ORDERED:

*[signature]*

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         November 19, 2012

6